**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



_____
Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 05-70084 |
| | ) | |
| Converse W. Keefer, Jr. | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF DECISION RE CLAIM OBJECTION

This case is before the court for decision on an objection by Debtor to the claim of Handwork & Kerscher, L.L.P. ("Objection") [Doc. #72], docketed as Claim No. 3 on the Claims Register. Handwork & Kerscher, L.L.P timely filed its general unsecured claim on account for legal services rendered and costs advanced to Debtor pre-petition in the amount of $12,259.93.

This dispute has moved in and out of ripeness since the filing of the objection by Debtor on April 4, 2006, and the evidentiary hearing held on the objection on June 22, 2006. This case was originally commenced as a chapter 13 case on September 19, 2005. After a dispute arose as to Debtor's eligibility to be a debtor under chapter 13 due to the amount of his debts, he filed a motion to voluntarily convert the case to chapter 11. The court granted the motion to convert and this case was converted to chapter 11 on January 6, 2006. The objection to claim was filed and the hearing held while the case was pending under chapter 11. However, issues as to the viability of the chapter 11 proceedings arose with a stay relief motion and then a motion to dismiss. Debtor eventually filed a motion to voluntarily convert the case to chapter 7. That

motion was granted and the case converted to chapter 7 on January 16, 2007.

Ericka S. Parker was appointed as the chapter 7 trustee. Since conversion, the trustee's filed interim reports on Form 1 have all no shown no funds on hand received by the estate for distribution to creditors. [*See* Doc. # 243 (5/17/07); # 260 (November 6, 2007); and # 297 (October 28, 2008)]. However, she has now orally reported to the court receipt of funds in the amount of $13,700 pursuant to a compromise previously approved by the court on October 1, 2008, and that there will be a small amount of funds available for distribution *pro rata* to general unsecured creditors after payment of administrative expenses. As a result, the objection to claim is now an actual case or controversy that must be determined as a predicate to final distribution of funds recovered by the trustee.

The district court has jurisdiction over the underlying chapter 7 bankruptcy case, as it did when the case was proceeding under chapter 13 and chapter 11. 28 U.S.C. § 1334(a) and (b). Debtor's case and all proceedings arising under title 11 or arising in the case, including the claim objection, have been referred by the district court to this court for decision. 28 U.S.C. § 157(a); General Order No. 84 entered on July 16, 1984 by the United States District Court for the Northern District of Ohio. Debtor's objection to the claim of Handwork & Kerscher, L.L.P. ("Claimant") is a core proceeding that this court may hear and determine because it involves the allowance or disallowance of a claim against the estate that is not a personal injury or tort claim. 28 U.S.C. § 157(b)(2)(B).

Debtor engaged Claimant pre-petition to represent him in connection with a business dispute and related issues and litigation with David Ball, disputes that continued in one form or another through the bankruptcy proceedings, unabated until recently. The parties entered into a written Fee Agreement dated February 10, 2004, pursuant to which Claimant agreed to provide and Debtor agreed to pay for legal services rendered on an hourly rate basis. [Hearing Ex. 1]. Debtor paid a non-refundable retainer of $5,000 to Claimant, and agreed to thereafter maintain an evergreen retainer balance of $2,000. Claimant's invoices, showing service descriptions for the services rendered, the professional rendering the services and the time devoted to the services, as well as charges for any costs advanced, were admitted as evidence at the hearing. [Hearing Ex. 2]. A summary document showing the running account balances from November 15, 2004, through the conclusion of the parties' attorney-client relationship in June 2005 and including correspondence relating to the account and correction of some billing errors acknowledged by Claimant was also admitted as evidence. [Hearing Ex. 3]. The court heard testimony from Attorney Jeffrey Kerscher on behalf of Claimant and from Debtor.

A properly executed and filed proof of claim constitutes "*prima facie* evidence of the validity and amount of the claim." Bankruptcy Rule 3001(f). When an objection is filed, the objecting party bears the initial burden of producing sufficient evidence to rebut the presumption of validity given to the claim. *In*

*re Nelson,* 206 B.R. 869, 878 (Bankr. N.D. Ohio 1997). The burden then shifts to the claimant to prove the validity and amount of the claim by a preponderance of the evidence. *Id.* While the burden of going forward shifts during the claims objection process, the ultimate burden of persuasion is always on the claimant to prove the claimed entitlement. *In re Holm,* 931 F.2d 620, 623 (9th Cir.1991).

Under 11 U.S.C. § 502(b), once an objection is made the court "shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount...."

> except to the extent that–
> (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured; ...
> (4) if such claim is for services of an insider or attorney of the debtor, such claim exceeds the reasonable value of such services.

11 U.S.C. § 502(b)(1) and (4). Thus, by negative implication, the claim must be allowed under § 502(b)(1) if it is enforceable against the debtor "under any agreement or applicable law. . . ." or under § 502(b)(4) if it does not exceed the reasonable value of the services of an attorney.

Debtor's written objection to the claim states only that the "[c]laimed amount exceeds the account balance," [Doc. #72], implying mathematical miscalculation of the account, such as a failure to account for payments made on account. The invoices [Hearing Ex.2] substantiate the claim amount of $12,259.93. Debtor presented no other documents or testimony at the hearing effectively challenging the accuracy of Claimant's calculation of the amount owed from a billing and accounting standpoint sufficient to overcome the prima facie validity of the claim amount. For example, the entries Debtor challenged in his testimony that appear on the statement dated 08/01/2005 [Hearing Ex. 2, unnumbered pp. 2-3] actually reflected no-charge time recorded by Claimant for which no amounts were added to the account. The court finds that Debtor did not meet his burden of going forward on this issue so as to overcome the prima facie validity of the claim. And to the extent he did, or to the extent the proof of claim could be deemed insufficient in form because neither the Fee Agreement nor any account statement was attached, Claimant overcame that objection by a preponderance of the evidence at the hearing. Specifically, the parties' Fee Agreement [Hearing Ex. 1] set forth the terms of the representation as on an hourly fee basis. Kerscher's testimony as to the accuracy of Claimant's invoices [Hearing Ex. 2] in representing the services rendered and the fees incurred for those services, and the summary of the account [Hearing Ex. 3] showing payments made as well as correspondence supporting Claimant's correction of its acknowledged billing errors substantiate the claimed amount by a preponderance of the evidence.

At the hearing, Debtor asserted other objections regarding the claim apart from the calculation of the

account that he believes should vitiate the reasonableness of its amount, if not its validity altogether. Those objections seemed to fall into three categories.

First, counsel asserted that Claimant should have appealed on Debtor's behalf from a certain cognovit judgment entered against Debtor pre-petition in state court, and that it was legal malpractice not to do so. However, no evidence sufficient to meet the burden of going forward was presented on that point, evidence which, given the nature of the argument, would have required an expert opinion. Nor did Debtor schedule any such affirmative claim as property of the bankruptcy estate to be administered for the benefit of his other creditors. [*See* Doc. # 11: Schedule B]. Moreover, Debtor scheduled the claim on his Schedule F in the amount of $12,260.00 and did not identify it as being disputed, contingent or unliquidated. [*Id.*: Schedule F, p.3 of 6]. Debtor did not overcome the prima facie validity of the claim or any part of it with this argument.

Second, Debtor contends that Claimant should have stopped charging him for services rendered beginning in April 2005, when Debtor asserts that Claimant was actually preparing to withdraw from representing him further. The charges for April 2005 were $1,080 for services and $36.61 in costs, for a total addition to the account of $1,117.11. The court agrees that the charges for legal services shown on the invoice for April 2005 should have been treated by Claimant as time not chargeable to Debtor, like the services shown on the August 1, 2005, invoice for services rendered after April 2005. Rather than substantive work advancing Debtor's position in ongoing litigation and disputes with Ball, as appears in progress through March 2005, the character of the services clearly changed in April 2005 largely to seeking extensions. The motion to withdraw, which Hearing Ex. 2 shows as having been prepared on May 6, 2005, followed immediately thereupon. Kerscher acknowledged that the various state court judges involved in the litigation authorized Claimant's withdrawal from further pre-petition representation of Debtor. The court agrees that Debtor has established a valid factual basis for challenging the April 2005 invoice amounts, which evidence negated the prima facie validity of the $1,117.11 amount claimed for April 2005. Claimant did not overcome those facts by a preponderance of the evidence. Claimant had a professional obligation to minimize potential prejudice to Debtor as part of withdrawing from further representation of him. However, the services rendered in April 2005 were actually more for Claimant's benefit in protecting its ability to withdraw than for Debtor's benefit in advancing his positions in the ongoing disputes. The court finds that the claim amount exceeds the reasonable value of the services to Debtor by $1,117.11 on account of the invoice for April 2005.

Third, Debtor contends that Claimant breached the fee agreement by changing its terms on him. Debtor testified that Claimant started demanding that he deposit $2,000 in escrow, which it had not be requiring, thus changing the Fee Agreement from one requiring payment for services on account after they

4

were rendered to one requiring payment in advance for services to be rendered. [*See* Hearing Ex. 1]. However, the Fee Agreement, which was admitted into evidence at the hearing, clearly states the evergreen retainer requirement of $2,000. Kerscher's testimony confirms that oral requests for compliance with this provision of the Fee Agreement were made to no avail, and further that the state court authorized Claimant's withdrawal from pending litigation without objection by Debtor. Thus, Debtor's testimony met his burden of going forward with sufficient evidence to place the claim in issue on this point. Kerscher's credible testimony and the Fee Agreement overcame that evidence by a preponderance and there are no grounds for disallowing all or any part of the claim on this basis.

Based on the foregoing reasons and authorities, the court finds that the claim of Kerscher & Handwork L.L.C. shall be allowed as a general unsecured claim in the total amount of $11,142.82. A separate order in accordance with this memorandum of decision will be entered by the court.